IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Prepared by: Carmencita María Pedro, natural Mother of Kerry Lorenzo Fisher, Jr.<br><br>Addresses of Record for Mailing and Service:<br>P.O. Box 15616<br>Philadelphia, PA  19131<br>carmencitapedro@gmail.com<br>kerry.lorenzo.fisher@gmail.com<br>(267) 670-3721 cell<br><br>Carmencita María Pedro and<br>Kerry Lorenzo Fisher, Jr.<br>　　　　　　　*pro se* Plaintiffs<br><br>v.<br><br>Merakey USA<br><br>Merakey Philadelphia<br><br>Joseph S. Martz,<br>individually and in his professional capacity<br><br>Universal Health Services,  Inc.<br><br>Friends Behavioral Health System, LP<br>d/b/a Friends Hospital<br><br>City of Philadelphia<br><br>Community Behavioral Health<br><br>Archer & Greiner, P.C.<br><br>Shloka Joshi, Esquire,<br>individually and in her professional capacity<br><br>PMHCC, Inc.<br><br>PMHCC-CTT, Inc.<br><br>Commonwealth of Pennsylvania<br>　　　　　　　Defendants | Civil Action Number _____<br><br>Civil Rights Cause of Action<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

AND NOW, the *pro se* Plaintiffs – Carmencita María Pedro and Kerry Lorenzo Fisher, Jr. (herein "Plaintiffs," "Pedro," and "Kerry," respectively – hereby aver as follows:

# I. Plaintiffs

1. Kerry Lorenzo Fisher, Jr. is an Afro-Latino young man age 31 blessed with deeply melanated skin age 31, and a natural born citizen of the United States and Commonwealth of Pennsylvania.

2. Kerry lives in Philadelphia with the chronic psychiatric disability of Schizophrenia, in addition to other chronic medical conditions for which he is actively receiving care as an established patient of the University of Pennsylvania Health System d/b/a Penn Medicine. Based on his chronic psychiatric disability, Kerry is a beneficiary of Social Security, Medicare & Medicaid.

3. Kerry is presently homeless. His mailing address is P.O. Box 15616, Philadelphia, PA 19131, and his telephone number is (267) 670-3721.

4. Because Kerry is a mentally disabled Afro-Latino young man living with the chronic psychiatric disability of Schizophrenia, he will forever have a medical necessity for critical, life-sustaining, efficacious medical and psychiatric care of a high-quality.

5. For as long as Kerry is a dually eligible Medicare & Medicaid beneficiary, he will forever have a medical necessity for critical, life-sustaining, efficacious medical and psychiatric care of a high-quality.

6. As a human being, Kerry fundamentally has an absolute bona fide right to require, to expect, and to receive his medical and psychiatric care from honest, competent, transparent, highly-qualified, trustworthy, respectful, professional, culturally sensitive, and law-abiding healthcare insurers and healthcare providers that will address our concerns, and answer our questions, and be responsive to Kerry's disability-related needs at all times without exception as a matter of law.

7. As an individual with a disability, Kerry has an absolute bona fide right to require, to expect, and to receive his medical and psychiatric care from honest, competent, transparent, highly-qualified, trustworthy, respectful, professional, culturally sensitive, and law-abiding healthcare insurers and healthcare providers that will address our concerns, and answer our questions, and be responsive to Kerry's disability-related needs at all times without exception as a matter of law.

8. As a dually eligible Medicare & Medicaid beneficiary, Kerry has an absolute bona fide right to require, to expect, and to receive his medical and psychiatric care from honest, competent, transparent, highly-qualified, trustworthy, respectful, professional, culturally sensitive, and law-abiding healthcare insurers and healthcare providers that will address our concerns, and answer our questions, and be responsive to Kerry's disability-related needs at all times without exception as a matter of law.

9. Carmencita María Pedro is a Puerto Rican woman age 52 blessed with deeply melanated skin, and natural born citizen of the United States and the Commonwealth of Pennsylvania living in Philadelphia.

10. Pedro is the natural Mother, chosen advocate, authorized representative, identified support person, designated agent, home health aide, <u>and</u> Power of Attorney for her son: Kerry Lorenzo Fisher, Jr.

11. Pedro's current residential address is 541 North Paxon Street, Philadelphia, PA 19131.

12. Pedro's mailing address and telephone number are P.O. Box 15616, Philadelphia, PA 19131, (267) 670-3721.

13. In both her personal <u>and</u> official capacities, Pedro serves Kerry as a passionate, zealous, fearless, assiduous, vociferous, tenacious, efficacious, sagacious, fastidious, fiercely protective <u>and</u> wholly unapologetic champion for Kerry's life, health, safety, well-being, emotional stability, physical welfare, rights, liberties, freedoms, privileges, entitlements, protections, <u>and</u> his best interests.

## II. Defendants

14. Merakey USA is a recipient of Federal financial assistance structured under the guise of a domestic nonprofit corporation <u>and</u> so-called behavioral healthcare provider whose principal business activity is perpetrating Federal healthcare fraud, illegal housing discrimination, <u>and</u> retaliation against individuals with disabilities at the expense of the United States <u>and</u> Commonwealth of Pennsylvania governments.

15. Merakey Philadelphia is a recipient of Federal financial assistance structured under the guise of a domestic nonprofit corporation <u>and</u> so-called behavioral healthcare provider whose principal business activity is perpetrating Federal healthcare fraud, illegal housing discrimination, <u>and</u> retaliation against individuals with disabilities at the expense of the United States <u>and</u> Commonwealth of Pennsylvania governments.

16. Merakey USA is Merakey Philadelphia's corporate parent.

17. Joseph S. Martz is now <u>and</u> was then the Chief Executive Officer of Merakey USA during the time period in question. Notably, MARTZ's annual compensation totaled **$1,176,036.00** as of June 2023.

18. Merakey USA, Merakey Philadelphia, and MARTZ's principal business address is 620 East Germantown Pike, Lafayette Hill, PA 19444.

19. Hereinafter, Merakey USA <u>and</u> Merakey Philadelphia are collectively referred to as "Merakey."

20. Merakey is an approved Medicare & Medicaid provider of the Centers for Medicare & Medicaid Services ("CMS").

21. Merakey is a contracted behavioral healthcare provider pursuant to 42 C.F.R. Part 438 – Managed Care.

22. Universal Health Services, Inc. ("UHS") is a foreign business corporation formed in Delaware, <u>and</u> a multi-billion dollar, publicly traded corporation [NYSE: UHS]. UHS's headquarters is located at 460 N Gulph Road, Irwin Building, King Of Prussia, PA 19406.

23. UHS is a recipient of Federal financial assistance <u>and</u> so-called behavioral healthcare provider whose principal business activity is perpetrating Federal healthcare fraud against individuals with disabilities at the expense of the United States <u>and</u> Commonwealth of Pennsylvania governments.

24. Friends Behavioral Health System, LP d/b/a Friends Hospital is a domestic limited partnership <u>and</u> private psychiatric hospital situated at 4641 Roosevelt Boulevard, Philadelphia, PA 19124.

25. Friends Hospital is a recipient of Federal financial assistance <u>and</u> so-called behavioral healthcare provider whose principal business activity is perpetrating Federal healthcare fraud against individuals with disabilities at the expense of the United States <u>and</u> Commonwealth of Pennsylvania governments.

26. UHS is Friends Hospital's corporate owner.

27. UHS and Friends Hospital are approved Medicare & Medicaid providers of CMS.

28. UHS and Friends Hospital are contracted behavioral healthcare providers pursuant to 42 C.F.R. Part 438 – Managed Care; 55 Pa Code Chapter 5300 – Private Psychiatric Hospitals; and 55 Pa. Code Chapter 1151. Inpatient Psychiatric Services.

29. The City of Philadelphia is a First Class City, County, municipal government, and local agency of the Commonwealth of Pennsylvania ("the City").

30. The City's Department of Behavioral Health and Intellectual Disability Services ("DBHIDS") is a local agency of the Commonwealth <u>and</u> therefore a public entity that is part and parcel of the municipal government <u>and</u> situated at 1101 Market Street, 7th Floor, Philadelphia, PA  19107.

31. Community Behavioral Health ("CBH") is a recipient of Federal financial assistance <u>and</u> public entity owned by the City that is structured under the guise of a domestic nonprofit corporation which DBHIDS operates as a so-called behavioral health managed care organization ("BH-MCO") pursuant to 42 C.F.R. Part 438 – Managed Care. CBH is situated at 801 Market Street, 7th Floor, Philadelphia, PA 19107.

32. CBH's principal business activity is perpetrating Federal healthcare fraud against individuals with disabilities at the expense of the United States <u>and</u> Commonwealth of Pennsylvania governments.

33. Archer & Grenier, P.C. is a law firm with an office located at 1717 Arch Street, Suite 3500, Philadelphia, PA  19103.

34. Attorney Shloka Joshi is an Associate lawyer employed by Archer & Greiner, P.C. where she is <u>actively</u> collecting a high-priced publicly paid retainer as CBH's outside counsel <u>and</u> co-conspirator.

4

35. PMHCC, Inc. is a recipient of Federal financial assistance structured under the guise of a domestic nonprofit corporation <u>and</u> so-called behavioral healthcare provider whose principal business activity is perpetrating Federal healthcare fraud against individuals with disabilities at the expense of the United States <u>and</u> Commonwealth of Pennsylvania governments.

36. PMHCC-CTT, Inc. is a recipient of Federal financial assistance structured under the guise of a domestic nonprofit corporation <u>and</u> so-called behavioral healthcare provider whose principal business activity is perpetrating Federal healthcare fraud against individuals with disabilities at the expense of the United States <u>and</u> Commonwealth of Pennsylvania governments.

37. PMHCC, Inc. is the corporate parent of PMHCC-CTT, Inc.

38. PMHCC, Inc.'s principal business address is 1601 Market Street, 6th Floor, Philadelphia, PA 19103.

39. PMHCC-CTT, Inc.'s principal business address is 3401 I Street, Philadelphia, PA 19134.

40. Hereinafter, PMHCC, Inc. <u>and</u> PMHCC-CTT, Inc. are collectively referred to as "PMHCC."

41. PMHCC is an approved Medicare & Medicaid provider of CMS.

42. PMHCC is a contracted behavioral healthcare provider pursuant to 42 C.F.R. Part 438 – Managed Care.

43. Together, DBHIDS, CBH <u>and</u> PMHCC form The Philadelphia Behavioral Health System.

44. The Commonwealth of Pennsylvania became the second American State admitted to the Union when it ratified the Constitution of the United States in December 1787 ("the Commonwealth").

45. The Commonwealth's Department of Human Services ("DHS") is a State agency governed in part by 42 C.F.R. Part 438 – Managed Care whose creation arose from the Human Services Code Act of Jun. 13, 1967, P.L. 31, No. 21 Cl. 67.

46. The DHS Office of Mental Health and Substance Abuse Services contracts with behavioral healthcare insurers <u>and</u> is responsible for oversight of all BH-MCOs statewide pursuant to 42 C.F.R. Part 438 – Managed Care.

47. DHS OMHSAS licenses all Community Residential Rehabilitation Services for the Mentally Ill ("CRRS") inpatient facilities/mental health establishments operating statewide pursuant to 55 Pa. Code § 5310 et seq.

48. DHS OMHSAS licenses all private psychiatric hospitals operating statewide pursuant to 55 Pa. Code § 5300 et seq.

49. At all times relevant, Defendants <u>and</u> Defendants' employees/contractors/representatives have owed Kerry the duty of care.

50. Kerry has always had the absolute bona fide right to demand, require and expect that Defendants and Defendants' employees/contractors/representatives would honor and fulfill the duty of care they owe to him.

51. At all times relevant, Defendants and Defendants' employees/legal representatives have owed Kerry a standard of care that is honest, competent, transparent, highly-qualified, trustworthy, respectful, professional, culturally sensitive, and law-abiding healthcare insurers and healthcare providers that will address our concerns, and answer our questions, and be responsive to Kerry's disability-related needs at all times without exception as a matter of law.

52. Kerry has always had the absolute bona fide right to demand, require and expect that Defendants and Defendants' employees/contractors/representatives would honor and abide the standard of care they owe to him.

53. At all times relevant, Defendants have had legally binding, legally enforceable contractual relationships with Kerry because he is a mentally disabled Afro-Latino young man and natural born United States citizen living with Schizophrenia in the Commonwealth of Pennsylvania, City and County of Philadelphia.

54. At all times relevant, Defendants have had established legal obligations to Kerry that formalized a contract with implicit responsibilities and guaranteed warranties which serve to protect Kerry because he is a mentally disabled Afro-Latino young man and natural born United States citizen living with Schizophrenia in the Commonwealth of Pennsylvania, City and County of Philadelphia.

55. At all times relevant, Defendants have had legally binding, legally enforceable contractual relationships with Kerry because he is a dually eligible Medicare & Medicaid beneficiary and natural born United States citizen living with Schizophrenia in the Commonwealth of Pennsylvania, City and County of Philadelphia.

56. At all times relevant, Defendants have had established legal obligations to Kerry that formalized a contract with implicit responsibilities and guaranteed warranties which serve to protect Kerry because he is a dually eligible Medicare & Medicaid beneficiary and natural born United States citizen living with Schizophrenia in the Commonwealth of Pennsylvania, City and County of Philadelphia.

## III. Jurisdiction

This is a civil rights cause of action raising Federal questions and Diversity of Citizenship that seeks damages in excess of $75,000.00. The Court has subject matter and personal jurisdiction over the parties to this lawsuit as pled herein pursuant to, *inter alia*, the following rule of law:

57. Constitution of the United States of America, generally, and especially the Due Process Clauses of the Fifth and Fourteenth Amendments thereto.

58. Social Security Act of 1935, as amended, P.L. 74-271, 49 Stat. 620, which is codified at 42 U.S. Code Chapter 7 – Social Security.

59. Civil Rights Act of 1964, Title VI: Discrimination in Federally Funded Programs, codified at 42 U.S.C. § 2000d et seq., Subchapter V. Federally Assisted Programs.

60. Americans with Disabilities Act, as amended, which is codified at 42 U.S.C. § 12101 et seq., and particularly Title II of the ADA, relating to state and local government activities and its implementing regulations at 28 C.F.R. Part 35 – Nondiscrimination On The Basis Of Disability In State And Local Government Services. ("ADA").

61. Section 504 of the Rehabilitation Act of 1973, which is codified at 29 U.S.C. § 794 and its implementing regulations at 45 C.F.R. Part 84 – Nondiscrimination On The Basis Of Handicap In Programs Or Activities Receiving Federal Financial Assistance. ("Section 504").

62. Fair Housing Act, which is codified at 42 U.S.C. 3601 et seq. et seq., and particularly 42 U.S. Code § 3631 – Violations; penalties.

63. 42 U.S.C. Chapter 114—Protection And Advocacy For Individuals With Mental Illness Act ("PAIMI").

64. Health Insurance Portability and Accountability Act of 1996 and 45 C.F.R. § 164 et seq. ("HIPAA").

65. 42 C.F.R. Part 438 – Managed Care, generally, and especially 42 C.F.R. § 438.100. Enrollee rights. <u>and</u> 42 C.F.R. Subpart F Grievance and Appeal System at § 438.400 et seq.

66. Constitution of the Commonwealth of Pennsylvania, generally, and especially, Article I. Declaration of Rights.

67. Human Services Code Human Services Code Act of Jun. 13, 1967, P.L. 31, No. 21 Cl. 67 ("Human Services Code")

68. Mental Health and Intellectual Disability Act of 1966, Act of Oct. 20, 1966, Special Session 3, P.L. 96, No. 6 Cl. 50, relating to mental health and intellectual disability; authorizing county programs and amending, revising and changing the laws relating thereto and making an appropriation, as amended Nov. 22, 2011, P.L. 420, No. 105, generally, and specifically: Article V. Financial Obligations; Liabilities and Payments.

69. Mental Health Procedures Act, Act of Jul. 9, 1976, P.L. 817, No. 143 Cl. 50, relating to mental health procedures; providing for the treatment and rights of mentally disabled persons, for voluntary and involuntary examination and treatment and for determinations affecting those charged with crime or under sentence. Hereinafter, the "Mental Health Procedures Act."

70. Pennsylvania Human Relations Act, Act of Oct. 27, 1955, P.L. 744, No. 222, Cl. 43 prohibiting certain practices of discrimination in public accommodation, housing accommodation and commercial property because of race, color, familial status, religious creed, ancestry, handicap or disability, age, sex, national origin. Hereinafter the "Pennsylvania Human Relations Act."

71. Insurance Company Law of 1921, The – Omnibus Amendments Act of Jun. 17, 1998, P.L. 464, No. 68, in particular, Article XXI. Quality Health Care Accountability and Protection ("Act 68 of 1998"), as amended pursuant to the Act of November 3, 2022, P.L. 2068, No. 146 § 1 (40 P.S. §§ 991.2101-991.2194). Hereinafter "Act 146 of 2022."

72. 28 Pa. Code Chapter 9 – Managed Care Organizations promulgated by the Pennsylvania Insurance Department

73. Pennsylvania Code Title 55 – Department of Human Services ("DHS"), generally, and specifically:

    a. 55 Pa. Code Chapter 1151. Inpatient Psychiatric Services.

    b. 55 Pa. Code Chapter 5100 – Mental Health Procedures.

    c. 55 Pa. Code Chapter 5300 – Private Psychiatric Hospitals.

    d. 55 Pa. Code Chapter 5310 – Community Residential Rehabilitation **SERVICES for the Mentally Ill.**

    e. 55 Pa. Code Chapter 6100 – Services for Individuals with Intellectual Disabilities and Autism, which DHS **ENACTED as the REPLACEMENT of 55 Pa. Code Chapter 51 effective Saturday, February 1, 2020 pursuant to 46 Pa.B. 7061 (November 5, 2016) and the Order issued at 49 Pa.B. 5777 on Saturday, 5 October 2019.**

    f. 55 Pa. Code Chapter 51 which DHS **DELETED, RESCINDED, REPLACED and RESERVED in its entirety effective Saturday, February 1, 2020 pursuant to 46 Pa.B. 7061 (November 5, 2016) and the Order issued at 49 Pa.B. 5777 on Saturday, 5 October 2019.**

## IV. Statement of Claims

74. Kerry is living the misfortune of captive enrollment on **The TOXIC, DANGEROUS Community Behavioral Health PLANTATION and Criminal Enterprise of Public Corruption** where the Commonwealth and DHS are holding him hostage against his will because he is a dually eligible Medicare & Medicaid beneficiary and resident of the City and County of Philadelphia.

75. Commencing Thursday, 1 August 2019 and spanning throughout the COVID-19 pandemic until Wednesday, 6 January 2021, Kerry gave his voluntary written consent to receiving acute inpatient psychiatric treatment ("AIP") at Friends Hospital pursuant to the Mental Health Procedures Act of Jul. 9, 1976, P.L. 817, No. 143 Cl. 50, Section 201. Persons Who May Authorize Voluntary Treatment.

76. Kerry spent five hundred twenty-three (523) days at Friends Hospital both prior to and during the COVID-19 pandemic from the date of his admission on 1 August 2019 until he was discharged on 6 January 2021 (into the care of Merakey).

77. Kerry voluntarily consented to the restrictions of AIP level of care at Friends Hospital for the express purpose of stabilizing and remaining stable while awaiting provisions for Medicaid-funded community-based residential mental health care from The Philadelphia Behavioral Health System, namely: DBHIDS, CBH and PMHCC.

8

78. On Wednesday, 9 September 2020, Kerry knowingly, willingly, freely and voluntarily executed three (3) legally binding, legally enforceable Power of Attorney documents designating Pedro as his agent pursuant to PAIMI, specifically: (a.) Combined Mental Health Declaration and Power of Attorney; (b.) Durable Health Care Power of Attorney; and (c.) Pennsylvania Durable Power of Attorney. Hereinafter collectively referred to as "September 2020 POAs."

79. The Defendants and Defendants' employees/contractors/representatives have unlawfully opposed and tortiously interfered with: (a.) the Mother-Son relationship Pedro and Kerry have shared since Thursday, 6 May 1993 by contract of familial bond that was created in utero and affirmed through childbirth; and (b.) the contractual relationship between Kerry and Pedro in her official capacity as his Power of Attorney; and (c.) the contractual rights of Kerry and Pedro as the sole parties to the three (3) POAs they fully executed twice during the time period at issue amid the COVID-10 pandemic (September 2020 and January 2021).

80. Beginning in December 2020, DBHIDS, CBH, PMHCC, and the City of Philadelphia Law Department conspired with UHS, Friends Hospital, the Commonwealth and their to target, prey upon, and lure Kerry into a contractual relationship with Merakey for him to suffer victimization predicated on their bait & switch ploys, predatory profiteering schemes, Federal healthcare fraud, and illegal housing discrimination which they concocted and executed against Kerry to defraud him of his rights and his resources because he is a vulnerable, mentally disabled Afro-Latino young man, dually eligible Medicare & Medicaid beneficiary, and recipient of monetary benefits from the Social Security Administration due to his chronic psychiatric disability of Schizophrenia.

81. On Monday, 21 December 2020, CBH authorized Kerry to receive Medicaid-funded Assertive Community Treatment ("ACT") level of care services from PMHCC-CTT, Inc. upon his discharge from Friends Hospital.

82. In a criminal civil rights conspiracy under color of law that was executed against Kerry at Friends Hospital the afternoon of Monday, 28 December 2020, Defendants and Defendants' employees/contractors/representatives bullied, harassed, intimidated, threatened, and coerced Kerry into revoking his POAs under duress with their inducement of fear and intentional infliction of emotional distress – all of which achieved Defendants' ultimate goals of: (a.) causing chaos and sowing confusion to deliberately mislead Kerry to false beliefs and false conclusions regarding his human, fundamental, medical, legal, civil, constitutional, and appeal/appellate rights; and (b.) fraudulently inducing Kerry into a legally binding, legally enforceable contractual relationship with Merakey in bad faith under false pretenses against his best interests by predicated on false misrepresentations of Kerry's psychiatric disability; and (c.) fraudulently inducing Kerry into a legally binding, legally enforceable contractual relationship with Merakey in bad faith under false pretenses against his best interests for nefarious purposes by falsely stating that he is intellectually disabled and autistic, whilst knowing that Kerry is not; and (d.) committing overt criminal acts of Federal healthcare fraud in Kerry's name against him, the United States and Commonwealth governments; and (e.) stealing Kerry's Social Security money.

83. Specifically, Defendants and Defendants' employees/contractors/representatives lied to, bullied, harassed, intimidated, threatened, coerced and duped Kerry with the trickery, and coercive, collusive strong-arm gangster tactics they deployed against him under color of law the afternoon of Monday, 28 December 2020 by perpetuating falsehoods which openly defied the rule of law and maliciously violated his human, fundamental, medical, legal, civil, constitutional, appeal/appellate and contractual rights, whereby:

   a. On Monday, 28 December 2020, Defendants and Defendants' employees/contractors/representatives threatened, lied to, and duped Kerry by falsely stating that he could not and would not ever be discharged from restrictive setting of AIP level of care at Friends Hospital unless and until he revoked his September 2020 POAs.

   b. On Monday, 28 December 2020, Defendants and Defendants' employees/contractors/representatives deliberately misled Kerry to falsely believe and falsely conclude that he could not and would not ever be discharged from the restrictive setting of AIP level of care at Friends Hospital unless and until he revoked his September 2020 POAs.

   c. On Monday, 28 December 2020, Defendants and Defendants' employees/contractors/representatives deliberately misled Kerry to falsely believe and falsely conclude that he could not and would not ever be discharged from the restrictive setting of AIP level of care at Friends Hospital unless and until he agreed to waive his absolute bona fide right to avail himself of the type of advocacy he wishes to receive from, by and through the advocate of his choosing pursuant to PAIMI.

   d. On Monday, 28 December 2020, Defendants and Defendants' employees/contractors/representatives threatened, lied to, and duped Kerry by falsely stating that he could not and would not ever be granted access to Medicaid-funded community-based residential mental health programming through The Philadelphia Behavioral Health System unless and until he revoked his September 2020 POAs.

   e. On Monday, 28 December 2020, Defendants and Defendants' employees/contractors/representatives deliberately misled Kerry to falsely believe and falsely conclude that he could not and would not ever be granted access to Medicaid-funded community-based residential mental health programming through The Philadelphia Behavioral Health System unless and until he revoked his September 2020 POAs.

   f. On Monday, 28 December 2020, Defendants and Defendants' employees/contractors/representatives deliberately misled Kerry to falsely believe and falsely conclude that he could not and would not ever be granted access to Medicaid-funded community-based residential mental health programming through The Philadelphia Behavioral Health System unless and until he agreed to waive his absolute bona fide right to avail himself of the type of advocacy he wishes to receive from, by and through the advocate of his choosing pursuant to PAIMI.

    g. On Monday, 28 December 2020, Defendants <u>and</u> Defendants' employees/contractors/representatives threatened, lied to, <u>and</u> duped Kerry by falsely stating that he could not <u>and</u> would not ever be permitted to enter into a contractual relationship with Merakey for residency/tenancy at its CRRS inpatient facility/mental health establishment unless <u>and</u> until he revoked his September 2020 POAs.

    h. On Monday, 28 December 2020, Defendants <u>and</u> Defendants' employees/contractors/representatives deliberately misled Kerry to falsely believe <u>and</u> falsely conclude that he could not <u>and</u> would not ever be permitted to enter into a contractual relationship with Merakey for residency/tenancy at its CRRS inpatient facility/mental health establishment unless <u>and</u> until he revoked his September 2020 POAs.

    i. On Monday, 28 December 2020, Defendants <u>and</u> Defendants' employees/legal representatives deliberately misled Kerry to falsely believe <u>and</u> falsely conclude that he could not <u>and</u> would not ever be permitted to enter into a contractual relationship with Merakey for residency/tenancy at its CRRS inpatient facility/mental health establishment unless <u>and</u> until he agreed to waive his absolute bona fide right to avail himself of the type of advocacy he wishes to receive from, by and through the advocate of his choosing pursuant to PAIMI.

84. On Monday, 28 December 2020 – to Kerry's detriment while he was receiving AIP level of care at Friends Hospital – Defendants <u>and</u> Defendants' employees/contractors/representatives succeeded in coercing Kerry to sign two (2) instruments of fraud, specifically: (a.) the 1-page document titled "Revocation of Combined Mental Health Declaration and Power of Attorney By Kerry Fisher, Jr." that Merakey <u>and</u> UHS employees/contractors/representatives proffered to Kerry in bad faith under false pretenses <u>and</u> unfair dealings at Friends Hospital which two (2) unidentified UHS employees purported to witness by affixing their illegible handwritten signatures thereupon; <u>and</u> (b.) the 3-page contract titled "Merakey Behavioral Health Residential Service Agreement" that Merakey <u>and</u> UHS employees/contractors/representatives also proffered to Kerry in bad faith under false pretenses <u>and</u> unfair dealings with the fraudulent inducement of a written contract that the Defendants intended to be legally binding <u>and</u> legally enforceable.

85. Effective Monday, 28 December 2020 immediately after Defendants successfully coerced Kerry into revoking his POAs these fraudulent activities transpired:

    a. CBH rescinded the prior authorization it granted to Kerry on 21 December 2020 for provisions of Medicaid-funded ACT level of care services that were originally approved for <u>and</u> assigned to PMHCC-CTT, Inc. upon discharge Friends Hospital.

    b. Defendants diverted all of Kerry's Medicare & Medicaid funded outpatient psychiatric care from PMHCC-CTT, Inc. to Merakey for MARTZ's illicit financial gain, which CBH also approved effective Monday, 28 December 2020 with a January 2021 start date that ultimately resulted in Kerry being the victim of numerous overt criminal acts of Federal healthcare fraud, illegal housing discrimination, <u>and</u> retaliation which Merakey corporate officers, executive leaders, physicians, nurses, professional counselors, behavioral health specialists, <u>and</u> case managers perpetrated against him with impunity.

86. On Wednesday, 6 January 2021, Kerry was concurrently discharged from Friends Hospital <u>and</u> admitted into the care of Merakey at its CRRS located at 4501 East Fishers Lane, Philadelphia, PA 19124, where he resided <u>and</u> lived successfully in the community until Tuesday, 6 December 2022 ("Merakey Fishers Lane CRRS").

87. Kerry's admission into Merakey Fishers Lane CRRS on Wednesday, 6 January 2021 <u>and</u> his 23-month residency/tenancy which lasted through Tuesday, 6 December 2022 was effectuated pursuant to 55 Pa. Code § 5310 et seq.

88. Effective Sunday, 10 January 2021, Kerry knowingly, willingly, freely <u>and</u> voluntarily reinstated his POAs by executing three (3) legally binding, legally enforceable Power of Attorney documents once again designating Pedro as his agent, specifically: (a.) Combined Mental Health Declaration and Power of Attorney; (b.) Durable Health Care Power of Attorney; <u>and</u> (c.) Pennsylvania Durable Power of Attorney. Hereinafter collectively referred to as "January 2021 POAs."

89. During the COVID-19 pandemic <u>and</u> through December 2022, Kerry was a resident/tenant of of Merakey Fishers Lane CRRS where he became the unwitting victim of numerous overt criminal acts of Medicare & Medicaid fraud that were perpetrated by Merakey corporate officers, executive leaders, physicians, nurses, professional counselors, behavioral health specialists, <u>and</u> case managers – each of whom targeted, preyed upon, <u>and</u> defrauded Kerry of his rights <u>and</u> his Federal healthcare benefits because he is a mentally disabled Afro-Latino young man – all of which the City, Commonwealth, DHS, DBHIDS, CBH, PMHCC <u>and</u> individuals they employ/contract/retain <u>aided and abetted</u> with impunity, in particular: JOSHI <u>and</u> Archer & Greiner, P.C.

90. During the COVID-19 pandemic <u>and</u> through December 2022, Kerry became the unwitting victim of nefarious bait & switch ploys, predatory profiteering schemes, <u>and</u> Federal healthcare fraud that were perpetrated by Merakey corporate officers, executive leaders, physicians, nurses, professional counselors, behavioral health specialists, <u>and</u> case managers – each of whom targeted, preyed upon, <u>and</u> defrauded Kerry of his rights <u>and</u> stole his Social Security money for their unjust enrichment because he is a mentally disabled Afro-Latino young man – all of which the City, Commonwealth, DHS, DBHIDS, CBH, PMHCC <u>and</u> individuals they employ/contract/retain <u>aided and abetted</u> with impunity, in particular: JOSHI <u>and</u> Archer & Greiner, P.C.

91. During the COVID-19 pandemic <u>and</u> through December 2022, Kerry became the unwitting victim of fraudulent contracts that were orchestrated <u>and</u> proffered by Merakey corporate officers, executive leaders, physicians, nurses, professional counselors, behavioral health specialists, <u>and</u> case managers – each of whom targeted, preyed upon, <u>and</u> defrauded Kerry of his rights <u>and</u> stole his Social Security money for their unjust enrichment because he is a mentally disabled Afro-Latino young man – all of which the City, Commonwealth, DHS, DBHIDS, CBH, PMHCC <u>and</u> individuals they respectively employ/contract/retain <u>aided and abetted</u> with impunity, in particular: JOSHI <u>and</u> Archer & Greiner, P.C.

92. For nearly four years beginning on Monday, 28 December 2020 through the present day, Defendants and Defendants' employees/contractors/representatives have unlawfully opposed and tortiously interfered with: (a.) the Mother-Son relationship Pedro and Kerry have shared since Thursday, 6 May 1993 by contract of familial bond that was created in utero and affirmed through childbirth; and (b.) the contractual relationship between Kerry and Pedro in her official capacity as his Power of Attorney; and (c.) the contractual rights of Kerry and Pedro as the sole parties to the three (3) POAs they fully executed thrice during the time period at issue (September 2020, January 2021, and January 2023).

93. For nearly four years beginning on Monday, 28 December 2020 through the present day, Defendants and Defendants' employees/contractors/representatives have relentlessly and negligently endangered Kerry's life, health, safety and well-being as a hateful and reprehensible act of vengeance based on his protected characteristics as a mentally disabled Afro-Latino young man which unlawfully resulted in Merakey deliberately and maliciously rendering Kerry homeless effective Tuesday, 6 December 2022 which remains ongoing as of the filing of our instant civil rights lawsuit.

94. For nearly four years beginning on Monday, 28 December 2020 through the present day, Defendants and Defendants' employees/contractors/representatives have relentlessly and negligently attempted to kill Kerry as a hateful and reprehensible act of vengeance because he and Pedro lawfully refused to assent to becoming victims of their illegal housing discrimination and overt criminal acts of Federal healthcare fraud which unlawfully resulted in Merakey deliberately and maliciously rendering Kerry homeless effective Tuesday, 6 December 2022 which remains ongoing as of the filing of our instant civil rights lawsuit.

95. For nearly four years beginning on Monday, 28 December 2020 through the present day, Defendants and Defendants' employees/contractors/representatives have heinously caused Kerry to suffer illegal housing discrimination as a hateful and reprehensible act of vengeance based on his protected characteristics as a mentally disabled Afro-Latino young man which unlawfully resulted in Merakey deliberately and maliciously rendering Kerry homeless effective Tuesday, 6 December 2022 which remains ongoing as of the filing of our instant civil rights lawsuit.

96. For nearly four years beginning on Monday, 28 December 2020 through the present day, Defendants and Defendants' employees/contractors/representatives have heinously caused Kerry to suffer illegal housing discrimination as a hateful and reprehensible act of vengeance because he and Pedro lawfully refused to assent to becoming victims of their overt criminal acts of Federal healthcare fraud which unlawfully resulted in Merakey deliberately and maliciously rendering Kerry homeless effective Tuesday, 6 December 2022 and as of the filing of our instant civil rights lawsuit.

97. For nearly four years beginning on Monday, 28 December 2020 through the present day, Defendants and Defendants' employees/contractors/representatives have heinously caused Kerry to suffer illegal housing discrimination as a hateful and reprehensible act of vengeance because he and Pedro individually and collectively assert and exercise his human, fundamental, medical, legal, civil, constitutional, appeal/appellate, and

contractual rights which unlawfully resulted in Merakey deliberately <u>and</u> maliciously rendering Kerry homeless effective Tuesday, 6 December 2022 <u>and</u> as of the filing of our instant civil rights lawsuit.

98. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., <u>and</u> as of filing our instant civil rights lawsuit: Defendants have continually and negligently breached their contractual obligations, legal responsibilities, <u>and</u> implied warranties to Kerry based on his protected characteristics as a mentally disabled Afro-Latino young man.

99. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., <u>and</u> as of filing our instant civil rights lawsuit: Defendants have continually and negligently breached their contractual obligations, legal responsibilities, <u>and</u> implied warranties to Kerry because he is a Social Security, Medicare & Medicaid beneficiary.

100. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., <u>and</u> as of filing our instant civil rights lawsuit: Defendants have continually and negligently breached their contractual obligations, legal responsibilities, <u>and</u> implied warranties to Kerry in retribution for, directly responsive <u>and</u> subsequent to, because of, contemporaneous with, <u>and</u> immediately after Kerry lawfully asserted <u>and</u> exercised his rights <u>and</u> advocated for himself in his own right, in his own voice, of his own volition <u>and</u> by and through Pedro as his chosen advocate <u>and</u> Power of Attorney pursuant to PAIMI.

101. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., <u>and</u> as of filing our instant civil rights lawsuit: Defendants have continually and negligently breached their contractual obligations, legal responsibilities, <u>and</u> implied warranties to Kerry because he availed himself of his absolute bona fide right to enjoy <u>and</u> benefit from the advocacy and advocate of his choosing pursuant to PAIMI.

102. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., <u>and</u> as of filing our instant civil rights lawsuit: Defendants have targeted, preyed upon, <u>and</u> victimized Kerry with their commission of fraudulent ploys <u>and</u> schemes to intentionally deceive <u>and</u> defraud him based on his protected characteristics as a mentally disabled Afro-Latino young man.

103. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., <u>and</u> as of filing our instant civil rights lawsuit: Defendants have targeted, preyed upon, <u>and</u> victimized Kerry with their commission of fraudulent ploys <u>and</u> schemes to intentionally deceive <u>and</u> defraud him because he is a Social Security, Medicare & Medicaid beneficiary.

104. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., and as of filing our instant civil rights lawsuit: Defendants have targeted, preyed upon, and victimized Kerry with their commission of fraudulent ploys and schemes to intentionally deceive and defraud him in retribution for, directly responsive and subsequent to, because of, contemporaneous with, and immediately after Kerry lawfully asserted and exercised his rights and advocated for himself in his own right, in his own voice, of his own volition and by and through Pedro as his chosen advocate and Power of Attorney pursuant to PAIMI.

105. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., and as of filing our instant civil rights lawsuit: Defendants have targeted, preyed upon, and victimized Kerry with their commission of fraudulent ploys and schemes to intentionally deceive and defraud him because he availed himself of his absolute bona fide right to enjoy and benefit from the advocacy and advocate of his choosing pursuant to PAIMI.

106. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., and as of filing our instant civil rights lawsuit: Defendants have subjected Kerry to intentional and illegal discrimination based on his protected characteristics as a mentally disabled Afro-Latino young man.

107. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., and as of filing our instant civil rights lawsuit: Defendants have subjected Kerry to intentional and illegal discrimination because he is a Social Security, Medicare & Medicaid beneficiary.

108. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., and as of filing our instant civil rights lawsuit: Defendants have subjected Kerry to intentional and illegal discrimination in retribution for, directly responsive and subsequent to, because of, contemporaneous with, and immediately after Kerry lawfully asserted and exercised his rights and advocated for himself in his own right, in his own voice, of his own volition and by and through Pedro as his chosen advocate and Power of Attorney pursuant to PAIMI.

109. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., and as of filing our instant civil rights lawsuit: Defendants have subjected Kerry to intentional and illegal discrimination because he availed himself of his absolute bona fide right to enjoy and benefit from the advocacy and advocate of his choosing pursuant to PAIMI.

110. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., <u>and</u> as of filing our instant civil rights lawsuit: Defendants have subjected Kerry to intentional <u>and</u> illegal retaliation based on his protected characteristics as a mentally disabled Afro-Latino young man.

111. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., <u>and</u> as of filing our instant civil rights lawsuit: Defendants have subjected Kerry to intentional <u>and</u> illegal retaliation because he is a Social Security, Medicare & Medicaid beneficiary.

112. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., <u>and</u> as of filing our instant civil rights lawsuit: Defendants have subjected Kerry to intentional <u>and</u> illegal retaliation in retribution for, directly responsive <u>and</u> subsequent to, because of, contemporaneous with, <u>and</u> immediately after Kerry lawfully asserted <u>and</u> exercised his rights <u>and</u> advocated for himself in his own right, in his own voice, of his own volition <u>and</u> by and through Pedro as his chosen advocate <u>and</u> Power of Attorney pursuant to PAIMI.

113. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., <u>and</u> as of filing our instant civil rights lawsuit: Defendants have subjected Kerry to intentional <u>and</u> illegal retaliation because he availed himself of his absolute bona fide right to enjoy <u>and</u> benefit from the advocacy <u>and</u> advocate of his choosing pursuant to PAIMI.

114. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., <u>and</u> as of filing our instant civil rights lawsuit: Defendants have intentionally inflicted emotional distress on Kerry based upon his protected characteristics as a mentally disabled Afro-Latino young man.

115. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., <u>and</u> as of filing our instant civil rights lawsuit: Defendants have intentionally inflicted emotional distress on Kerry because he is a Social Security, Medicare & Medicaid beneficiary.

116. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., <u>and</u> as of filing our instant civil rights lawsuit: Defendants have intentionally inflicted emotional distress on Kerry in retribution for, directly responsive <u>and</u> subsequent to, because of, contemporaneous with, <u>and</u> immediately after Kerry lawfully asserted <u>and</u> exercised his rights <u>and</u> advocated for himself in his own right, in his own voice, of his own volition <u>and</u> by and through Pedro as his chosen advocate <u>and</u> Power of Attorney pursuant to PAIMI.

117. Commencing in December 2020, throughout the entire duration of Kerry's 23-month residency/tenancy at Merakey Fishers Lane CRRS pursuant to 55 Pa. Code § 5310 et seq., <u>and</u> as of filing our instant civil rights lawsuit: Defendants have intentionally inflicted emotional distress on Kerry because he has consistently availed himself of his absolute bona fide right to enjoy <u>and</u> benefit from the advocacy <u>and</u> advocate of his choosing pursuant to PAIMI.

All the above is demonstrative of the Defendants' individual and collective professional misconduct, malpractice, corporate malfeasance, criminal wrongdoing, <u>and</u> public corruption of Federally funded behavioral healthcare and housing programs in Philadelphia, Pennsylvania.

## V. Relief

WHEREFORE, based on the foregoing, the Plaintiffs hereby pray for the following relief from the Court:

1. Punitive and corrective action; declaratory judgment; preliminary, permanent and mandatory injunctive relief; and legal and equitable remedies against the defendants.

2. Punitive and compensatory damages.

3. Any other relief the Court deems fair, just, equitable, fit, appropriate and/or necessary to benefit the Plaintiffs <u>and</u> <u>all</u> others similarly situated.

Respectfully submitted,

Carmencita María Pedro, *pro se* Plaintiff            Kerry Lorenzo Fisher, Jr., *pro se* Plaintiff

Date: Friday, 6 December 2024

## VI. Verification

I, Kerry Lorenzo Fisher, Jr., *pro se* Plaintiff, hereby verify that to the best of my personal knowledge, information and belief, the foregoing averments are true and correct.



Kerry Lorenzo Fisher, Jr., *pro se* Plaintiff

Date: Friday, 6 December 2024

I, Carmencita María Pedro, hereby verify that to the best of my personal knowledge, information and belief, the foregoing averments are true and correct.

Carmencita María Pedro, *pro se* Plaintiff

Date: Friday, 6 December 2024

***Please note: The civil rights cause of action set forth in full herein shall be amended.**